**Application of LA LANDE.**

Patent Appeal No. 5592.

United States Court of Customs and Patent Appeals.

June 28, 1949.

Norbert E. Birch, Philadelphia, Pa., for appellant.

W. W. Cochran (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

Appellant has taken this appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner finally rejecting claim 14 of an application for a patent, serial No. 385,858, filed March 29, 1941, for "Method of Refining Sugar Solutions." Twelve claims were allowed.

The involved claim, reading as follows: "14. The method of treating a sugar solution that has been decolorized with a chemical bleaching agent, which comprises contacting the solution at an elevated temperature and so containing returned color with a thermally activated bauxite." was rejected as unpatentable over the cited prior art as follows: Sanchez, 1,989,156, January 29, 1935; Ioannu, 2,059,110, October 27, 1936; LaLande, 2,211,727, August 13, 1940.

The claim was rejected by the examiner as reading directly on the disclosure of the Ioannu patent and also on the Sanchez patent, in view of the LaLande patent. The board in its decision specifically affirmed the rejection by the examiner upon the Ioannu patent but made no reference to the second ground of rejection. Because of our conclusion, it is only necessary to discuss the examiner's first reason for rejection.

Appellant's application relates particularly to the treatment of washed sugar liquor, which consists of combining the starting material with a bleaching agent and an adsorbent comprising activated bauxite. There is described in the application a process of sugar refining, particularly a process for removing coloring material

from the sugar. It is said that chemical bleaching agents decolorize the solution, but that the color returns to the solution particularly when heated. It is alleged that the invention of appellant is grounded on the discovery that activated bauxite will remove the returned color bodies, and that such removal renders the solution stable. It is stated in the application that the action of activated bauxite is unique as compared with other known adsorbents in the art. The chemical bleach and adsorbent treatment with bauxite may be made simultaneously or in sequence, the bauxite treatment being the second step.

The Ioannu patent relates to a process for making high grade sacchrine products and refining of sugar. It is said to relate particularly to a process for the decoloration and purification of sugar liquors of any degree of purity. A process is disclosed for adding to the sugar solution a combination of reagents, one of which is said to liberate oxygen for oxidizing impurities in the solution and another, an agent capable of bringing about a coagulation of the impurities and to flocculate them. The oxidizing agent is said to be hypochlorites and the coagulating and flocculating agent is disclosed as aluminum salts, silicates, and phosphates. As a further treatment, there is a description in the patent of passing the sugar solution through adsorbent filters, one of which is said to be activated bauxite.

As may be readily seen from a reading of the rejected claim, the method set out therein is to take as a starting material, a sugar solution which has been decolorized chemically, and contacting it at an elevated temperature with thermally activated bauxite. Obviously there is but a single step in that process.

█ It is old to treat sugar solutions with activated bauxite, as clearly appears in the Ioannu patent. It is distinctly stated therein that such bauxite is active when applied to a sugar solution which has been decolorized by means of an oxidizing chemical agent. We think it clear that one skilled in the art would be advised by the disclosure of the patent to use activated bauxite as an adsorbent following a chemical bleaching treatment. The treatment described in the patent is made at 50° C. to 60° C.

█ Counsel for appellant contends that the patentee does not set out his purpose or reason for employing activated bauxite. It seems to us, however, that because the patent clearly teaches the art the step of contacting a sugar solution at an elevated temperature with activated bauxite and urges the use of that material in preference to other adsorbents, that there is nothing in appellant's rejected claim which can be considered as teaching the art anything new. In method claims, the step or steps alone are to be examined as to the patentability of claims in which they are set out. In re Caunt, 23 C.C.P.A., Patents, 855, 81 F.2d 405.

The decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.